```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                       :
VERIFICIENT TECHNOLOGIES, INC.,    :
                       :
               Petitioner,   :        1:24-cv-9487-GHW
                       :
           -v-           :          ORDER
                       :
APRATIM DUTTA,             :
                       :
              Respondent.  :
                       :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On January 8, 2025, Petitioner filed a letter motion to file under seal the final arbitration award as an exhibit to Petitioner's petition to confirm arbitration. Dkt. No. 10. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The document sought to be

sealed is a judicial document.  The weight of presumption of public access to the final arbitration award is high given that Petitioner seeks for the Court to confirm this award.  However, Petitioner only requests that the document be sealed temporarily while Petitioner works with Respondent to present the Court a redacted version of the award.  The factors that counsel against disclosure described in Petitioner's letter—principally protection of commercially sensitive information, and Petitioner's intention to file a redacted version of the award on the public docket at a later date—outweigh the public's interest in disclosure of the award at this time.  As a result, the motion to seal is granted.  This determination is made only with respect to the information at issue at this stage of the case and on this record.

Petitioner's request to file the final arbitration award under seal temporarily is granted.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 10.  Petitioner is directed to serve a copy of this order on Respondent and to retain proof of service.

SO ORDERED.

Dated: January 9, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2