```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
VERIFICIENT TECHNOLOGIES, INC.,            :
:
                              Petitioner,            :      1:24-cv-9487-GHW
:
        -v-                                                  :      ORDER
:
APRATIM DUTTA,                                           :
:
                              Respondent.         :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On June 10, 2025, Respondent filed a letter requesting sanctions related to the alleged unauthorized practice of law of Attorneys Timothy B. Mills and A.J. Merrill. Dkt. No. 40. Respondent's specific request that the Court "strike all pleadings signed during their unauthorized practice" and "dismiss [the] petition with prejudice" is denied. *Id.* at 3. The petition to confirm the arbitration award and all supporting papers filed by Petitioner in this matter were signed by Attorney Arthur Jakoby, who Respondent does not dispute is a member of the bar of New York.[1] Therefore, the Court sees no basis to strike the pleadings or otherwise dismiss the petition based on whether Mr. Mills or Mr. Merrill were authorized to practice in this matter. As for Respondent's other requests, the Court declines to take action at this time. *See* Fed. R. Civ. P. 11 Advisory Committee Note (1993) ("Whether a violation has occurred and what sanctions, if any, to impose for a violation are matters committed to the discretion of the trial court."). Respondent may pursue any grievances with counsel in this matter through the appropriate professional conduct bodies. The Court

---

[1] And Respondent provides no evidence that Mr. Jakoby was aware of any alleged misrepresentations related to Mr. Mills's or Mr. Merrill's *pro hac vice* motions.

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Respondent by certified mail.

    SO ORDERED.

Dated: June 20, 2025
       New York, New York

GREGORY H. WOODS
United States District Judge

2