UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERIFICIENT TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>APRATIM DUTTA<br><br>    Defendant. | MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11[1]<br><br>Case Number No. 24-cv-9487-GHW |

**TO THE HONORABLE COURT:**

Respondent respectfully moves this Court for sanctions under Federal Rule of Civil Procedure 11 against Petitioner's counsel, Mr. A.J. Merrill, Mr. Timothy B. Mills, and their local sponsor Mr. Arthur G. Jakoby, the firm of Herrick, Feinstein LLP, and Petitioner – Verificient Technologies, Inc., for the following specific conduct that violates Rule 11(b):

**I. VIOLATIONS OF RULE 11(b)(1) - IMPROPER PURPOSE:**

The following conduct demonstrates presentation of papers for improper purposes, including harassment and unnecessary delay:

False *"Pro Hac Vice Motion Pending"* Certifications (Petition to Confirm Arbitration Award): On December 12, 2024, both Mr. Merrill and Mr. Mills signed pleadings with the designation *"Pro Hac Vice Motion Pending"* when no such motions had been filed or prepared, constituting a material misrepresentation to this Court in violation of 28 U.S.C. § 17461.

  A. **Sustained Unauthorized Practice:** Between December 12, 2024, and June 10, 2025, Mr. Merrill filed at least seven pleadings while not admitted to practice before this Court, each bearing false certifications of pending pro hac vice status declarations.

  B. **Duplicative Forum Shopping:** Petitioner initiated parallel proceedings in both this Court and New York Supreme Court without disclosure to either tribunal, demonstrating bad faith litigation conduct.

---

[1] This document was prepared with the assistance of the City Bar Justice Center's Legal Clinic for Pro Se Litigants in the SDNY.

## II. VIOLATIONS OF RULE 11(b)(3) - LACK OF EVIDENTIARY SUPPORT

The following factual contentions lack evidentiary support:

- A. **Perjurious Pro Hac Vice Affidavits:** Both Mr. Mills and Mr. Merrill certified under penalty of perjury that they had *"not been censured, suspended, disbarred or denied admission or readmission by any court,"* while omitting material information regarding suspensions from the California Bar. Mr. Mills's January 4, 2025, motion (Exhibit 2: SDNY Dkt. 8, pp. 11–15, California Bar Records), omitted his prior California Bar suspension and failed to submit a certificate from California, violating Local Civil Rule 1.3(c). Mr. Merrill's June 8, 2025. motion (Exhibit 11: SDNY Dkt. 37, pp. 107–108) concealed his *"Not Eligible to Practice Law"* status in California (Exhibit 14: California Bar records)
- B. **Deficient Certificate Requirements:** Mr. Mills submitted only a certificate of good standing from the District of Columbia, and Mr. Merrill likewise provided just a single certificate of good standing from Georgia. Both attorneys are admitted to the California Bar, yet both failed to submit the required certificates from California. This omission violates Local Civil Rule 1.3(c), which mandates that applicants provide certificates of good standing from every jurisdiction in which they are admitted.

## III. VIOLATIONS OF RULE 11(b)(4) - UNWARRANTED DENIALS:

The continued practice before this Court despite knowledge of admission defects constitutes unwarranted denials of jurisdictional and procedural requirements.

## IV. AIDING AND ABETTING BY LOCAL COUNSEL:

Mr. Arthur G. Jakoby and Herrick, Feinstein LLP's, conduct violates Rule 5.5(b) of the New York Rules of Professional Conduct by aiding unauthorized practice through co-signing false certifications and failing to ensure proper admission procedures.

**REQUESTED SANCTIONS**

Pursuant to Rule 11(c)(2) and this Court's inherent authority, Respondent requests:

- Vacatur of pro hac vice admissions for Mills and Merrill as void ab initio.
- Striking of all pleadings signed during unauthorized practice periods;

2

- Impose monetary sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 on Mr. Mills, Mr. Merrill, Mr. Jakoby, Herrick, Feinstein LLP, and Petitioner Verificient Technologies, Inc., jointly and severally;
- Refer all involved attorneys and the firm of Herrick Feinstein, LLP, to disciplinary authorities in New York, Georgia and District of Columbia, under Judiciary Law § 487;
- Apply heightened scrutiny to any future pro hac vice applications by Mills, Merrill, Jakoby and Herrick Feinstein, LLP:
- Impose reimbursement or all legal fees during the course of defending fraudulent arbitration claims, damages suffered, and losses sustained (including treble damages), from Mr. Mills, Mr. Merrill, Mr. Jakoby, Herrick, Feinstein LLP, and Petitioner Verificient Technologies, Inc., jointly and severally;
- Grant such other and further relief as the Court deems just and proper.

The factual and legal bases for this motion are set forth in the accompanying supporting Exhibit documentation, which is incorporated herein by reference.

Dated: July 3, 2025,   Respectfully submitted,

New Jersey   By: /s/ Apratim Dutta
365 W. Passaic Street,
2nd. Floor, Suite 255
Rochelle Park, New Jersey
07662-3015
(973)-919-6999

**Certificate of Service:**

I hereby certify that a true and correct copy of the foregoing was served upon all parties **via ECF**), on July 3, 2025.

By: /s/ Apratim Dutta

3