UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/28/2025
```

------------------------------------------------------------ X
                                      :

VERIFICIENT TECHNOLOGIES, INC.,    :
                                        :

                       Petitioner,   :           1:24-cv-9487-GHW
                                        :

               -v-                :              ORDER
                                        :

APRATIM DUTTA,                   :
                                        :

                     Respondent.  :
                                        :
------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On July 14, 2025, the Court held a conference on Petitioner's petition to confirm an arbitration award and Respondent's cross-motion to vacate. Dkt. No. 70 ("July 14 Order"). The Court ordered Respondent to file a revised Rule 56.1 Statement that both responded to Petitioner's Rule 56.1 Statement of Material Facts, Dkt No. 13, and added additional facts Respondent asserts in opposition to the petition and in support of his motion to vacate no later than July 28, 2025. *Id.* The Court ordered Petitioner to file a memorandum of law in support of its petition to confirm the award and in opposition to Respondent's motion to vacate no later than August 11, 2025. *Id.* The Court further ordered Petitioner to file a response Rule 56.1 Statement and all other supporting materials in opposition to Respondent's motion to vacate no later than August 11, 2025. *Id.*

On July 28, 2025, Respondent filed his revised Rule 56.1 Statement. Dkt. No. 75.

On August 7, 2025, the Court amended the briefing schedule and allowed Petitioner until August 14, 2025 to file its memorandum of law and response Rule 56.1 Statement. Dkt. No. 77.

On August 14, 2025, Petitioner filed its memorandum of law in support of its petition and in opposition to Respondent's motion to vacate. Dkt. No. 82. On August 15, 2025, Petitioner filed its response Rule 56.1 Statement. Dkt. No. 85.

On August 18, 2025, Respondent moved to strike Petitioner's memorandum and Rule 56.1

Statement.  Dkt. No. 86.  On August 22, 2025, Respondent requested that the Court construe the filing at Dkt. No. 86 as a pre-motion letter.  Dkt. No. 88.  On August 25, 2025, Petitioner filed a brief in opposition to Respondent's motion.  Dkt. No. 89.  On August 28, 2025, Respondent filed a reply.  Dkt. No. 91.

Under the Court's individual rules, motions to strike do not require pre-motion submissions. *See* Individual Rule of Practice 2(E).  Accordingly, the Court accepts Dkt. No. 86 as Respondent's memorandum of law in support of his motion to strike.  Respondent's motion is denied.

Respondent argues that Petitioner's memorandum of law is "belated," and that Petitioner's Rule 56.1 submission was untimely filed without leave of Court.  Dkt. No. 86 at 1–2.  Petitioner's memorandum was filed by the Court's deadline.  *See* Dkt. No. 77.  It is true that Petitioner's Rule 56.1 Statement was untimely, Dkt. No. 77, and that Petitioner did not seek prior leave nor offer an explanation after the fact until its recent filing, Dkt. No. 89.  The Court's electronic filing system recorded receiving Petitioner's submission in the early hours of the morning.  The total delay was just over four hours.  Given that the delay was short, the Court finds that the delay did not prejudice Respondent.

The Court appreciates that Petitioner now recognizes its failure to file a motion for leave after its delayed filing.  Dkt. No. 89 at 3.  While the Court finds that this delay did not result in prejudice, the Court reminds Petitioner that the Court's deadlines are not to be silently flouted, and that future delays without explanation may result in the Court treating Respondent's papers as unopposed or other sanctions.

Respondent then argues that Petitioner's memorandum of law and Rule 56.1 Statement are "unauthorized sur-replies."  Dkt. No. 86 at 2.  This is inaccurate.  These filings were expressly permitted by the Court's July 14 Order.  As the Court explained in its July 14 Order, Petitioner's memorandum of law and Rule 56.1 Statement were to be both in support of its petition and its

opposition to Respondent's motion to vacate.

To the extent that Respondent argues that Petitioner was not permitted to respond to the statements made in his Rule 56.1 Statement filing, he is mistaken. Respondent's Rule 56.1 Statement included both rebuttals to the paragraphs in Petitioner's original Rule 56.1 statement and additional numbered paragraphs in support of his motion to vacate. Dkt. No. 75. Local Rule 56.1 allows a party opposing a motion to respond to the statements made by a moving party. *See* Local Civil Rule 56.1(b). Petitioner was thus permitted to respond to the additional numbered paragraphs. Further, Petitioner did not, as Respondent suggests, add additional factual paragraphs solely to "fill evidentiary gaps." Dkt. No. 86 at 3. Petitioner's responses to Respondent's rebuttals were all within the scope of Petitioner's original Rule 56.1 Statement. *See* Dkt. Nos. 13, 85.

Accordingly, the Court denies Respondent's motion to strike Petitioner's filings. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 86.

SO ORDERED.

Dated: August 28, 2025

_____
GREGORY H. WOODS
United States District Judge

3