USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                       :

VERIFICIENT TECHNOLOGIES, INC.,    :

                                       :

                      Petitioner,   :          1:24-cv-9487-GHW

                                         :

              -v-                :          <u>ORDER</u>

                                         :

APRATIM DUTTA,                 :

                                       :

                    Respondent.  :

                                         :

-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On October 7, 2025, the Court granted Respondent leave to file a sur-reply in opposition to Petitioner's motion to confirm arbitration. Dkt. No. 113. The Court set a ten-page page limit. *Id.* Respondent filed a sur-reply on October 15, 2025. Dkt. No. 114. His brief included an attached compendium of exhibits eighty-three pages in length. Dkt. No. 114-1. On December 2, 2025, Petitioner filed a motion to strike that document. Dkt. No. 117. Respondent requested leave to file an opposition. Dkt. No. 118.

The Court will not grant Petitioner's motion to strike, nor will it consider the document Petitioner seeks to strike. In his sur-reply, Respondent describes the exhibits that Petitioner argues are improper as "compiled verbatim from the existing ECF docket and serve only as record indexes." Dkt. No. 114 at 2. He further asserts that they "add no facts, evidence, or argument and do not supplement the evidentiary record." *Id.* In the sur-reply, Respondent also states that he "does not oppose the Court disregarding" his filing. *Id.*

The Court will not consider the exhibits in connection with the cross-motions to vacate and confirm an arbitration award. Because his sur-reply was ten pages long, the additional submission exceeded the page limit. Mr. Dutta does not object to the Court only considering the body of his sur-reply. Because the Court will not consider the filing at Dkt. No 114-1, Petitioner's motion to

strike that filing from the docket is denied as moot. The Court will not entertain further submissions in connection with the pending cross-motions without prior leave of court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to terminate the motion pending at Dkt. No. 117.

SO ORDERED.

Dated:  December 9, 2025
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

2